## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ANTHONY OSBORNE and | ) | CASE NO. 05-30018 |
| BETTYLOU OSBORNE | ) | CHAPTER 7 |
|                 Debtors | ) | |
| _____ ) | | |

### MEMORANDUM

This matter comes before the Court on the Motion to Vacate Discharge filed by Option One Mortgage Corporation ("Option One"). In the motion, Option One requests this Court to deny the debtors their discharge under 11 U.S.C. § 727(a), to except their debt from discharge under 11 U.S.C. § 523(a)(6), or to revoke the debtors' discharge under 11 U.S.C. § 727(d). The debtors opposed the motion. To address this motion, the Court must provide a brief chronology of the history of this case.

### I. FACTUAL FINDINGS

1. On January 3, 2005, the debtors filed for Chapter 13 bankruptcy relief, and on February 24, 2005, the Court confirmed the debtors' plan of reorganization.

2. On June 29, 2006, the debtors filed a motion to sell real property wherein they sought authority to sell their former residence for $22,000.00. They indicated their residence burned in late 2005 and was a total loss.

3. On July 17, 2006 Option One objected to the debtors' motion to sell. Option One informed the Court that the debtors, in violation of the terms of their mortgage, directly received a large amount of insurance proceeds from the loss of their residence. Option One requested the Court to order the debtors to tender the insurance proceeds to it, pursuant to the terms of the mortgage.

4.  At the hearing on the motion to sell, the debtors informed the Court that they received $75,812.25 in insurance proceeds, and still possessed approximately $16,600.00 of that amount. The Court ordered the debtors to turn this amount over to the Chapter 13 Trustee and to file a verified accounting as to the whereabout of the rest of the insurance proceeds. The Court also granted the motion to sell, but directed all proceeds from the sale to be held in debtors' counsel trust account pending further order of the Court.

5.  On August 3, 2006, the debtors filed an affidavit attempting to explain the disposition of the $75,812.25 in insurance proceeds. While the debtors were able to account for approximately $32,800.00 of the proceeds, the debtors could not account for approximately $43,000.00 other than to state they consumed it on "living and other replacement costs."

6.  On October 26, 2006, the Court granted the motion filed by the United States Trustee's Office ("UST") to take a Rule 2004 examination of the debtor, Anthony Osborne.

7.  On February 1, 2007, the Chapter 13 Trustee filed a Motion to Dismiss with Prejudice for Five (5) Years. The Trustee based his motion on the admission by the debtors that, while under the protection of this Bankruptcy Court, they spent over $65,000 of the insurance proceeds that belonged to Option One. The Court set the motion to dismiss for hearing to be held on March 20, 2007.

8.  Before the hearing could be held, on March 10, 2007, the debtors filed a notice of conversion, whereby they converted their bankruptcy case from Chapter 13 to Chapter 7. A new § 341 meeting was scheduled, and June 11, 2007, was set as the deadline to oppose discharge or contest the dischargeability of debts. Because the case was now in Chapter 7, the Chapter 13 Trustee's motion to dismiss was terminated.

9. No party filed a complaint objecting to the debtors' discharge or filed a complaint contesting the dischargeability of a debt within the time set by the Federal Rules of Bankruptcy Procedure. Consequently, on June 13, 2007, the debtors received their bankruptcy discharge.

10. Approximately five (5) months later, on November 13, 2007, Option One filed the Motion to Vacate Discharge currently before the Court. In its motion, Option One asserted that the debtors' conversion of the insurance proceeds warranted either denying their discharge under § 727(a)(2), excepting Option One's debt from discharge under § 523(a)(6), or revoking the debtors' discharge under § 727(d).

11. The debtors filed a Response to Motion to Vacate Discharge opposing the relief sought by Option One. They recited their version of the facts of the case and argued no party objected to their discharge within the time allowed. They denied concealing the receipt of the insurance proceeds and asserted they acted in good faith.

12. On December 18, 2007, the Court took the Motion to Vacate Discharge under submission.

## II. CONCLUSIONS OF LAW

The Court will first address the request to deny discharge or, alternatively, the request to except Option One's debt from discharge. Proceedings objecting to discharge and dischargeability of debts are governed by the Federal Rules of Bankruptcy Procedure. Bankruptcy Rule 4004(a) states that a <u>complaint</u> objecting to a debtor's discharge must be filed no later than 60 days after the first date set for the meeting of creditors. Likewise, under Fed. R. Bankr. P. 4007(c), a <u>complaint</u> seeking to except a debt from discharge under §523(a)(6) must be filed no later than 60 days after the first date set for the meeting of creditors. In this case, the first date set for the meeting of creditors was set at April 10, 2007. Consequently, a party seeking to object to the debtors' discharge

or except a debt from discharge needed to file a complaint no later than June 11, 2007.  Here, not only did Option One fail to file a complaint as required in Fed. R. Bankr. P. 7001, it failed to seek its relief within the time allowed.  Thus, the Court cannot grant Option One's requests for § 727(a) or § 523(a)(6) relief.

The Court now turns to the request that the debtors' discharge be revoked.  As grounds for revoking the debtor's discharge, the Option One cited § 727(d)(2).  Section 727(d) provides:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if-
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or
>
> (3) the debtor committed an act specified in subsection (a)(6) of this section.

11 U.S.C. § 727(d) (2004).[1]

As an initial matter, the Court notes that actions to revoke a discharge should be filed as an adversary proceeding, as opposed to a motion as used by Option One.  Bankruptcy Rule 7001(4) expressly requires actions to revoke a discharge to be brought as an adversary proceeding rather than as a contested matter governed by Rule 9014.  Nevertheless, the Court will address the merits of the

---

[1] The Court notes that the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 added a subsection (4), but as that section was not cited by Option One and pre-dates this bankruptcy case, it has no application here.

4

motion.

Like actions to object to discharge or except debts from discharge, there is a time limitations period for actions to revoke a discharge.  Specifically, § 727(e)(2) states that actions seeking revocation of a discharge under § 727(d)(2) must be filed before the later of (1) one year after the discharge is granted and the (2) the date the case is closed.  Because Option One filed this request less than one year after the granting of the discharge, it's request is not time barred.  This does not necessarily mean Option One's request is timely.  As stated above, under § 727(d)(1), an action seeking revocation of discharge alleging fraud can only be brought if the requesting party did not know of the fraud prior to the granting of the discharge.  Although § 727(d)(2) is silent as to the effect of prior knowledge, many courts have held that a party's predischarge knowledge of the debtor's wrongdoing will effectively estop that party from seeking a discharge revocation.  See In re Lyons, 23 B.R. 123, 126 (Bankr. Va. 1982) ("The fact that subparagraphs 727(d)(2) and 727(d)(3) contain no language requiring the knowledge of any fraudulent conduct to be received after the discharge is granted, does not give a party in interest, who has the knowledge of the probable wrongdoing the privilege to wait until after a discharge is granted to ask the court to revoke the discharge."); In re Puente, 49 B.R. 966 (Bankr. W.D.N.Y. 1985); In re Couch, 54 B.R. 682, 684 (Bankr. E.D. Ark. 1985) (principle of laches bars creditor with pre-discharge knowledge of debtor's conduct from seeking post discharge revocation). Accordingly, assuming *arguendo* that the debtors' conduct meets the requirements for discharge revocation under § 727(d)(2), because Option One unquestionably knew of the debtors' conduct well before the inception of the Chapter 7, and long before the debtors received their discharge, it is estopped from now seeking revocation of that discharge.

To conclude, while the debtors' actions certainly appear to have warranted discharge denial, or, at a minimum, an exception from discharge of the debt owed to Option One, because no party requested this relief in a timely manner, the Court cannot grant this relief. Furthermore, because Option One knew of the debtors' conduct as early as July 17, 2006, some eleven months prior to the debtors obtaining their discharge on June 13, 2007, it is estopped from now seeking a revocation of the debtors' discharge. An Order consistent with this Memorandum will be entered this same date.

```
```
Case 05-30018-dts   Doc 155   Filed 01/03/08   Entered 01/03/08 10:55:42   Page 7 of 7

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| IN RE: | ) | |
| --- | --- | --- |
| | ) | |
| ANTHONY OSBORNE and | ) | CASE NO. 05-30018 |
| BETTYLOU OSBORNE | ) | CHAPTER 7 |
| Debtors | ) | |

### ORDER

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Motion to Vacate Discharge is **OVERRULED**.